UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY L. HILL,

    Plaintiff,

v.                                                        Case No. 8:22-cv-2828-TPB-SPF

ROGER HESTER, *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT ROGER HESTER'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT; and**

**ORDER STRIKING THIRD AMENDED COMPLAINT**

This matter is before the Court on Defendant Roger Hester's Motion to Dismiss the Second Amended Complaint, filed on August 7, 2023. (Doc. 39). On September 12, 2023, *pro se* Plaintiff Tony L. Hill filed a response in opposition to the motion. (Doc. 46). Four months later, Hill filed a third amended complaint without obtaining leave of court or the opposing party's consent. (Doc. 48). After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

This action concerns the conditions of Hill's confinement at Zephyrhills Correctional Institution ("Zephyrhills CI"), a prison in Pasco County, Florida.

Hill alleges that, for the past two-and-a-half years, he has lived in a housing unit with a leaky roof, "inadequate heating," and several "broken windows." The leaks have caused "mold and mildew" to develop, and Hill has suffered joint pain as a result of the conditions in his unit. Moreover, on February 10, 2023, Hill slipped and fell on "rainwater" that had gathered in his cell. The fall allegedly caused Hill to develop "bone spurs" and "moderate osteoarthritis." Hill alleges that the conditions in his unit constitute "cruel and unusual punishment" in violation of the Eighth Amendment. He also asserts, without elaboration, that the challenged conditions are in place "because we are minorities."

The second amended complaint names three defendants in their individual and official capacities: Warden Roger Hester, the Department of Corrections, and Zephyrhills CI. Hill complains that Warden Hester failed to "fix[]" the leaky roof, but he alleges no facts showing that Warden Hester was aware of the conditions in the housing unit. Hill also attaches an informal grievance addressed to Warden Hester and the Secretary of the Department of Corrections. Although the grievance describes conditions in the unit, Hill does not allege that Warden Hester ever received the document. Instead, the grievance reflects that an official named Jeff Johnson responded to Hill's complaint.

As relief, Hill seeks $350,000 in damages and an injunction (1) condemning the "dorm building" and (2) "allow[ing] [him] five years outside medical care" for his injuries.

Following service of process and the filing of the second amended complaint, Warden Hester moved to dismiss.[1] Warden Hester argues that the second amended complaint fails to state a claim against him, that sovereign immunity bars any damages claims against him in his official capacity, and that he is entitled to qualified immunity. Hill subsequently filed a response in opposition to the motion.

Several months after the motion to dismiss became ripe, and without obtaining leave of court or the consent of Warden Hester, Hill submitted a third amended complaint. This unauthorized complaint is largely identical to the second amended complaint, except that it (1) omits a paragraph about "mismanagement" of government funds, and (2) does not include the exhibits submitted with the second amended complaint.

---

[1] The other two defendants—the Department of Corrections and Zephyrhills CI—have not been served. As explained below, Hill cannot proceed against these defendants, so they will be dismissed from this action.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *adopted by* 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit or referred to in the complaint may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule

Case 8:22-cv-02828-TPB-SPF   Document 51   Filed 03/04/24   Page 5 of 13 PageID 376

12(b)(6) dismissal. . . ."). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-RAL-TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

Because Hill is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

The second amended complaint must be dismissed because Hill fails to state a claim against any of the named defendants. Furthermore, the third amended complaint must be stricken because it was filed without

authorization and fails to remedy the deficiencies identified in this Order. The Court will, however, grant Hill leave to file a fourth amended complaint.[2]

## *Failure to State a Claim*

Hill challenges the conditions of his confinement at Zephyrhills CI. Specifically, he alleges that for over two years, he has lived in a housing unit with a leaky roof, "inadequate heating," "mold and mildew," and several "broken windows." According to Hill, these conditions caused him to develop joint pain and contributed to a slip-and-fall incident in his cell.

A conditions-of-confinement claim "requires a two-prong showing": (1) "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities'" and (2) "a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). With respect to the objective inquiry, a plaintiff "must at the very least show that a condition of his confinement 'pose[d] an unreasonable risk of serious damage to his future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)

---

[2] Because the Court dismisses the second amended complaint for failure to state a claim, it need not address Warden Hester's qualified-immunity argument. If Hill chooses to amend, Warden Hester may reassert this argument.

(quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). With respect to the subjective inquiry, "a plaintiff must establish that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis omitted). "[S]imple negligence won't do; instead, the plaintiff must show 'subjective recklessness as used in the criminal law.'" *Swain v. Junior*, 961 F.3d 1276, 1285-86 (11th Cir. 2020) (quoting *Farmer*, 511 U.S. at 839-40).

With these standards in mind, the Court considers whether Hill states a plausible claim against each named defendant.

<u>Claims Against Warden Hester</u>

Hill sues Warden Hester in his individual capacity under a theory of supervisory liability. "[S]upervisory officials are not liable under [42 U.S.C.] § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

Hill does not allege that Warden Hester personally participated in any unconstitutional conduct. Thus, Hill must plead facts showing a causal connection between Warden Hester's actions and the conditions in the housing unit. Hill "can meet that extremely rigorous challenge" by showing that "(1) a history of widespread abuse put[] [Warden Hester] on notice of the need to correct the alleged deprivation, and he[] fail[ed] to do so; (2) [Warden Hester's] custom or policy result[ed] in deliberate indifference to constitutional rights; or (3) facts support an inference that [Warden Hester] directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1298.

Hill fails to allege the requisite causal connection. He does not plead that Warden Hester personally directed any subordinates to act unlawfully. Nor does he allege that Warden Hester knew prison officials would break the law and failed to stop them. Likewise, Hill sets forth no facts suggesting that the conditions in his housing unit resulted from a policy or custom. *See Christmas v. Harris Cnty.*, 51 F.4th 1348, 1356 (11th Cir. 2022) ("A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality."); *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007) ("A

custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law.").

Hill also fails to allege that "a history of widespread abuse put[] [Warden Hester] on notice of the need to correct the alleged deprivation[s], and he[] fail[ed] to do so." *Myrick*, 69 F.4th at 1298. Indeed, Hill pleads no facts showing that Warden Hester knew the housing unit had a leaky roof, "inadequate heating," "mold and mildew," or "broken windows." To be sure, Hill addressed an informal grievance about these conditions to Warden Hester. But he does not allege that Warden Hester ever received this document. In fact, the grievance response indicates that a prison official named Jeff Johnson responded to Hill's complaint. Regardless, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance." *Marshall v. Connolly*, No. 3:20-cv-145-J-39PDB, 2020 WL 1476176, at *2 (M.D. Fla. Mar. 26, 2020). Thus, Hill fails to state a supervisory-liability claim against Warden Hester.

Hill also sues Warden Hester in his official capacity. A § 1983 claim against a state official in his official capacity is considered a claim against the government entity he serves. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, to state an official-capacity claim against Warden Hester, Hill must

- 9 -

allege that "the moving force of the constitutional violation" was an official policy or custom. *Vineyard v. Cnty. of Murray*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). As explained above, Hill pleads no facts suggesting that the conditions in his housing unit resulted from an official policy or custom. He therefore fails to state an official-capacity claim against Warden Hester.

Claims Against the Department of Corrections and Zephyrhills CI

Hill also sues the Department of Corrections and Zephyrhills CI. These defendants have not been served with process. But because Hill is an inmate proceeding *in forma pauperis*, the Court has an independent obligation to determine whether the second amended complaint states plausible claims against them. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

As to the Department of Corrections, state and governmental entities that are considered "arms of the state" are not "persons" subject to damages liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Because the Department of Corrections is an arm of the executive branch of the state government, *see* Fla. Stat. § 20.315, it is not a "person" amenable to suit for damages under § 1983. *See Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) ("As the [Department of Corrections] is a state agency, and thus not a person within the meaning of § 1983, [plaintiff's]

§ 1983 claim for damages against the [Department of Corrections] is frivolous."). Moreover, the Department of Corrections is shielded by sovereign immunity from any request for injunctive relief. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections. . . . This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."). Thus, Hill cannot state a § 1983 claim against the Department of Corrections.

Hill likewise cannot proceed against Zephyrhills CI. "A correctional facility . . . is not a proper defendant in a case brought under [] § 1983." *Duvivier v. Fla. State Prison*, No. 3:22-cv-396-MMH-MCR, 2022 WL 1155241, at \*2 (M.D. Fla. Apr. 19, 2022); *see also Smith v. Wheeler Corr. Inst.*, No. 5:21-cv-27, 2021 WL 4099587, at \*2 (S.D. Ga. Aug. 23, 2021) ("[S]tate agencies, penal institutions, and jails are generally not considered legal entities subject to suit."), *adopted by* 2021 WL 4099581 (S.D. Ga. Sept. 8, 2021). Thus, both the Department of Corrections and Zephyrhills CI are dismissed from this action.

Because Hill fails to state a claim against any of the named defendants, the second amended complaint is dismissed.[3] In light of Hill's *pro se* status, the Court grants him leave to amend to cure the deficiencies identified above. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). If he chooses to amend, however, Hill must not name the Department of Corrections or Zephyrhills CI as defendants.

### *The Third Amended Complaint*

After the motion to dismiss became ripe, Hill filed a third amended complaint without obtaining leave of court or the consent of Warden Hester. Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course." After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the third amended complaint was filed without consent or leave and fails to remedy the deficiencies noted above, the

---

[3] Hill alleges that he and the other residents of his unit experience substandard living conditions "because we are minorities." To the extent that Hill seeks to assert an equal protection claim, the Court notes that this conclusory allegation is insufficient to state a plausible constitutional violation.

- 12 -

Court will order it stricken from the record. As noted above, however, Hill may file a fourth amended complaint.

Accordingly, and for the reasons set forth herein, it is **ORDERED** that:

1. Warden Hester's Motion to Dismiss the Second Amended Complaint (Doc. 39) is **GRANTED**. The second amended complaint (Doc. 38) is **DISMISSED WITHOUT PREJUDICE**. The Department of Corrections and Zephyrhills CI are **DISMISSED** from this action.

2. The third amended complaint (Doc. 48) is **STRICKEN**.

3. Hill is **DIRECTED** to file a fourth amended complaint, if he can do so in good faith, on or before **April 4, 2024**. Failure to file a fourth amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

4. The Clerk shall mail to Hill a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on March 4, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**