UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY L. HILL,

    Plaintiff,

v.                                          Case No. 8:22-cv-2828-TPB-SPF

ROGER HESTER, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT ROGER HESTER'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT

This matter is before the Court on Defendant Roger Hester's Motion to Dismiss the Fourth Amended Complaint, filed on June 24, 2024. (Doc. 64). On July 26, 2024, *pro se* Plaintiff Tony L. Hill filed a response in opposition to the motion. (Doc. 66). After reviewing the motion, court file, and the record, the Court finds as follows:

### Background

This action arises from Hill's confinement at Zephyrhills Correctional Institution, a prison in Pasco County, Florida. Hill alleges that from February 2021 to February 2024, he lived in a dorm with a leaky roof, "mold and mildew infestations," "multiple broken windows," "no heat or central [air conditioning]," and "heavy flooding." These conditions allegedly caused Hill to suffer "sinus damage," hay fever, headaches, "respiratory problems," and "joint pain." Moreover, at an unspecified date, Hill allegedly slipped and fell in the dorm, injuring his hip.

Hill separately claims that after he filed this lawsuit, prison officials issued false disciplinary charges against him. The charges alleged that Hill disobeyed orders by failing to be "inspection ready" during a cell search. Specifically, he was accused of "not hav[ing] his bunk made." Hill appears to contend that the charges were issued both because he filed this lawsuit and because he is a "minority colored" "Orthodox Jew." According to Hill, he "beat" the charges by calling "seven witnesses" and submitting exculpatory "audio/video footage." Hill also claims that his "postal mail" and "legal parcels" have been withheld from him.

Based on these allegations, Hill asserts a wide variety of claims under both federal and state law. For example, he alleges violations of the First through Fourteenth Amendments, the Fair Housing Act, the federal RICO statutes, unidentified "city" and "state code enforcement laws," and unidentified federal statutes concerning "hazardous mold/mildew" and "mismanagement of federal funds."

The operative complaint names five Defendants in their individual and official capacities: Warden Roger Hester, "Head Maintenance Man" Jeff Johnson, Assistant Warden C. Welch, Colonel E. Graff, and Secretary Ricky Dixon. Hill alleges that "the defendants" failed to "fix" the leaky roof and other "dangerous" conditions in his dorm. He also claims that the Defendants "retaliated with discrimination" after he filed this lawsuit. As relief, Hill seeks "$1.357 million" in compensatory damages.

Before service of process, the Court directed Hill to file an amended complaint. The Court later allowed Hill to file a second amended complaint. Warden Hester subsequently moved to dismiss, but before the Court had an opportunity to rule on the motion, Hill filed a third amended complaint. The Court dismissed the second amended complaint for failure to state a claim and struck the third amended complaint as unauthorized.

With the Court's permission, Hill filed a fourth amended complaint. Warden Hester[1] again moves to dismiss, arguing that (1) Hill impermissibly seeks to add new defendants and claims, (2) the fourth amended complaint is an impermissible shotgun pleading, and (3) Hill's claims are barred by qualified immunity and the Eleventh Amendment.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *adopted by* 2019 WL

---

[1] The other four Defendants—Johnson, Assistant Warden Welch, Colonel Graff, and Secretary Dixon—have not been served. Nevertheless, the Court may dismiss claims against them as facially deficient under the screening provisions of 28 U.S.C. § 1915A. *See Williams v. PA Dep't of Corr.*, No. 1:15-cv-975, 2019 WL 2407996, at *5 (M.D. Pa. Apr. 8, 2019) (noting that, under § 1915A, a court may "consider the defendants' motion to dismiss as it applies to [plaintiff's] claims against all defendants, and not just those who have been served"), *adopted by* 2019 WL 2387196 (M.D. Pa. June 6, 2019).

1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit or referred to in the complaint may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . ."). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-RAL-TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

Because Hill is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

The fourth amended complaint must be dismissed because it constitutes a shotgun pleading. Although Hill has had several opportunities to amend his complaint, none of the prior dismissals rested on shotgun pleading grounds. The Court will therefore grant Hill one final opportunity to amend his complaint.[2] *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to *sua sponte* allow a litigant one chance to remedy such deficiencies.").

"Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1294-95. The Eleventh Circuit has identified four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding

---

[2] Because the Court dismisses the fourth amended complaint as a shotgun pleading, it declines to address Warden Hester's other arguments for dismissal.

counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The fourth amended complaint is a shotgun pleading. It "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323. For example, Hill asserts that "all defendants" violated the First through Fourteenth Amendments by failing to "fix" the conditions in the dorm. But he makes no distinction among the five named Defendants. It is thus unclear how each Defendant was responsible for the allegedly unconstitutional living conditions. Hill likewise alleges that the Defendants "retaliated with discrimination" after he filed this lawsuit, but he again fails to describe how each defendant retaliated against him. This lack of specificity deprives the Defendants of "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*; *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Westley v.*

*Alberto*, 703 F. App'x 727, 732 (11th Cir. 2017) (complaint constituted impermissible shotgun pleading because it "accused strings of defendants of engaging in a broad conspiracy to harm [plaintiff], but rarely if ever did [it] identify the specific actions taken by any individual defendant").

The fourth amended complaint is also "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Hill states, for example, that he is a "three-time founder/CEO" who has "master[ed] all trades, plumbing, electric, carpentry, roofing, central heating, and A/C." He also discusses the "Five Books of Moshe/Mose" and quotes the Declaration of Independence. The inclusion of these (and other) immaterial facts requires the Court "to sift through the facts presented and decide for [itself] which [a]re material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991), *overruled on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

Making matters worse, Hill cites a bewildering variety of federal and state laws—including the First through Fourteenth Amendments—but fails to explain how his factual allegations establish violations of those laws. This style of pleading makes it "virtually impossible to know which allegations of fact are intended to support which claims for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Therefore, the Court dismisses the fourth amended complaint in its entirety as a shotgun pleading. In an abundance of caution, the Court grants Hill one final opportunity to amend. If he chooses to amend, Hill must allege facts that show how each named defendant personally participated in the activity that allegedly violated his rights. He may not indiscriminately lump all the Defendants together. Furthermore, Hill must avoid irrelevant factual allegations, and he must refrain from including references to laws and statutes that have no bearing on his claims. Instead, he should focus on providing "a short and plain statement of [each] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED**:

1. Warden Hester's Motion to Dismiss the Fourth Amended Complaint (Doc. 64) is **GRANTED**.

2. The fourth amended complaint (Doc. 58) is **DISMISSED WITHOUT PREJUDICE**.

3. Hill is **DIRECTED** to file a fifth amended complaint, if he can do so in good faith, on or before December 23, 2024. Failure to file a fifth amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020). This will be Hill's final opportunity to amend his complaint.

4. The Clerk shall mail to Hill a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of December, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE